UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case nos.:<br><br>18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-019(  ; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-019 ; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-018(  ; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-018 ; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF SKAT'S SUBSEQUENT REMEDIAL MEASURES**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*

281491265_6

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1
BACKGROUND ............................................................................................................................ 2
LEGAL STANDARD .................................................................................................................... 3
ARGUMENT ................................................................................................................................. 4
CONCLUSION .............................................................................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cann v. Ford Motor Co.*, 658 F.2d 54 (2d Cir. 1981) .................................................................4

*D'Nelson v. Costco Wholesale Corp.*, No. 03 CV 219 (CLP), 2007 WL 914311 (E.D.N.Y. Mar. 23, 2007) ..................................................................................................6

*In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13 Civ. 7789 (LGS), 2022 WL 4087842 (S.D.N.Y. Sept. 6, 2022) .............................................................4, 5

*Friedman v. Nat'l Presto Indus., Inc.*, 566 F. Supp. 762 (E.D.N.Y. 1983) .....................................5

*Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173 (S.D.N.Y. 2008) ...........................3

*IVC US, Inc. v. Linden Bulk Transp. SW, LLC*, 2017 WL 5203055 (N.D. Ga. Apr. 4, 2017) .........................................................................................................................4

*In re Joint E. Dist. & S. Dist. Asbestos Litig.*, 995 F.2d 343 (2d Cir. 1993) ..................................5

*Krouner v. Am. Heritage Fund, Inc.*, 899 F. Supp. 142 (S.D.N.Y. 1995) ......................................5

*Lidle v. Cirrus Design Corp.*, 278 F.R.D. 325 (S.D.N.Y. 2011) ....................................................6

*Lidle v. Cirrus Design Corp.*, No. 08 Cv. 1253 (BSJ) (HBP), 2011 WL 13263015 (S.D.N.Y. Apr. 6, 2011) ..................................................................................................5

*McNulty v. Target Corp.*, No. CV 09-752 (LDW) (AKT), 2009 WL 10708954 (E.D.N.Y. Oct. 28, 2009) ................................................................................................5

*Minter v. Prime Equip. Co.*, 451 F.3d 1196 (10th Cir. 2006) .........................................................6

*Palmieri v. Defaria*, 88 F.3d 136 (2d Cir. 1996) ...........................................................................4

*Reynolds v. Am. Airlines, Inc.*, No. 14 CV 2429 (CLP), 2017 WL 5613115 (E.D.N.Y. Nov. 21, 2017) ..............................................................................................6

*Stoncor Grp., Inc. v. Peerless Ins. Co.*, 573 F. Supp. 3d 913 (S.D.N.Y. 2021) ..............................3

*Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560 (11th Cir. 1991) ....................................5

*Wood v. Morbark Indus., Inc.*, 70 F.3d 1201 (11th Cir. 1995) .......................................................6

**Statutes and Rules**

Fed. R. Evid. 402 ........................................................................................................................1, 6

Fed. R. Evid. 403 ........................................................................................................................1, 6

Fed. R. Evid. 407 ...................................................................................................................1, 4, 5

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in support of its motion *in limine* to exclude under Federal Rules of Evidence 407, 402 and 403 evidence of SKAT's subsequent remedial measures after it discovered the fraud.

## PRELIMINARY STATEMENT

Evidence of SKAT's changes to its guidelines for dividend withholding tax refund claims (or any other changes SKAT made to its refund process) from after it discovered it had been the victim of a massive fraud is precisely the sort of evidence of subsequent remedial measures Federal Rule of Evidence 407 is intended to exclude. The lynchpin of defendants' fraud was the submission of fraudulent dividend credit advices from regulated financial institutions that purported to show that the defendant plans owned Danish shares on which they had been paid dividends, net of withholding tax. At the time, SKAT accepted such dividend credit advices as proof of share ownership and dividend receipt, net of tax. In 2016, however, after the fraud was uncovered, SKAT updated its guidelines for demonstrating share ownership and dividend receipt, to provide examples of documents over and above a dividend credit advice that may show share ownership and dividend receipt.

Evidence of SKAT's subsequent remedial measures that it took to prevent the fraud or a similar one from happening again plainly is inadmissible under Rule 407 as proof of SKAT's alleged negligence or culpability. Nor do any of the exceptions to the rule apply, such as where the evidence is used for impeachment or to show feasibility. SKAT does not dispute that it could have implemented the changes earlier, thus feasibility is not in dispute and there is no testimony for defendants to impeach with such evidence.

Finally, even if Rule 407 did not mandate its exclusion, the Court should exclude any evidence of SKAT's subsequent remedial measures as irrelevant or unfairly prejudicial under

281491265_6

Rules 402 and 403. The only purpose of such evidence would be to mislead the jury into thinking SKAT must have been negligent if it subsequently changed its guidance for submitting a refund claim.

## BACKGROUND

Prior to and during the 2012 to 2015 period when defendants submitted to SKAT fraudulent dividend withholding tax refund claims, SKAT required refund applicants using SKAT's so-called "form scheme" to submit its claim form, titled "Claim to Relief from Danish Dividend Tax," which included, among other things, that the refund applicant should enclose a "dividend credit advice" issued by the applicant's custodian evidencing ownership of shares and receipt of dividends, net of withholding tax. (Declaration of Marc A. Weinstein, dated August 15, 2024 ("Weinstein Decl."), Ex. 1.)[1]

In 2016, after SKAT discovered that certain refund applicants acted in cahoots with their custodial institutions to submit fraudulent dividend credit advices with their fraudulent claims, SKAT updated its guidelines for claiming refunds of dividend withholding tax, including by providing examples of documents the applicant may provide to show that it had in fact suffered Danish withholding tax on dividends. While SKAT updated its guidelines for the type of documentation an applicant could submit, the general requirement for a refund remained the same – that "Danish dividend tax must have been withheld on the dividend for which a refund is claimed" and "that for tax purposes the shareholder was the beneficial owner of the shares on the date of adoption of the dividend resolution." (Weinstein Decl. Ex. 2.)

---

1. During the relevant 2012 to 2015 period, SKAT also paid refund claims pursuant to its so-called "bank scheme," in which Danish banks collected the information showing their customers' entitlement to a refund and applied to SKAT for refunds on their customers' behalf. Defendants did not use the bank scheme to submit their fraudulent refund claims.

During defendants' fraud, SKAT allowed refund applicants to show that these conditions were satisfied by submitting the dividend credit advice issued by their custodian. Now, however, SKAT has included examples of additional documents in its guidelines and also noted that the dividend credit advice "must" specifically "state[] that Danish dividend tax has been withheld." (*Id.*) Because SKAT can no longer rely as much as it once did on the custodian to issue truthful dividend credit advices, SKAT now also advises that the refund applicant "must be able to document that [the] dividend has been deposited into [its] account." (*Id.*) This can be shown by "a copy of the shareholder's statement of account, for example, possibly together with a SWIFT confirmation or screenshot from the bank's system." (*Id.*) And "[i]f the dividend has been transferred through several banks, documentation of transfer for all links in the chain must be submitted." (*Id.*)

Further, the refund applicant may also "attach a custody account statement that provides an overview of the shareholder's shareholding on the date of adoption of the dividend resolution." (*Id.*) "The custody account statement must also show any changes in the shareholding during the period from six months before the dividend distribution date until six months after the dividend distribution date." (*Id.*)[2] And "[i]f the shareholder has bought or sold shares six months before or after the date of adoption of the dividend resolution, documentation of this must be attached." (*Id.*) Finally, "[t]he claim must state whether the shares were borrowed from or lent to other parties on the date of adoption of the dividend resolution." (*Id.*)

## LEGAL STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d

---

2. If the applicant "make[s] a claim within six months after the dividend distribution date, the overview must instead show changes up to the time when the claim was made." (*Id.*)

173, 176 (S.D.N.Y. 2008).  Motions *in limine* "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Stoncor Grp., Inc. v. Peerless Ins. Co.*, 573 F. Supp. 3d 913, 917 (S.D.N.Y. 2021) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

## ARGUMENT

Under Federal Rule of Evidence 407, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove," among other things, "negligence" or "culpable conduct."  Fed. R. Evid. 407.  The Rule is based on the "common sense recognition that . . . people will be less likely to take subsequent remedial measures if evidence of their improvements may be used against them," *Cann v. Ford Motor Co.*, 658 F.2d 54, 60 (2d Cir. 1981), and that such subsequent remedial measures do not necessarily support an inference of fault.  *See* Fed. R. Evid. 407 Advisory Committee's Note ("[T]he rule rejects the notion that because the world gets wiser as it gets older, therefore it was foolish before." (internal quotation omitted)).  The Rule applies to remedial measures taken by a plaintiff where, as here, the defendant seeks to use such measures for a comparative fault defense.  *See, e.g.*, *IVC US, Inc. v. Linden Bulk Transp. SW, LLC*, 2017 WL 5203055, at *6, *8-9 (N.D. Ga. Apr. 4, 2017) ("[E]vidence of changes to Plaintiff's policies and procedures after the incident . . . is inadmissible as a subsequent remedial measure if offered to prove negligence.").

Evidence of SKAT's updated guidelines for documenting share ownership and dividend receipt is inadmissible to show SKAT's supposed negligence or culpability.  For instance, in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, the court found that the defendant's

4

"strengthening corporate policies" and "[c]losing down chat rooms that allegedly created the conditions for a conspiracy" were "inadmissible under Rule 407 to prove culpable conduct" because they were "paradigmatic measure[s] that would have made an earlier injury or harm less likely to occur."  No. 13 Civ. 7789 (LGS), 2022 WL 4087842, at *4 (S.D.N.Y. Sept. 6, 2022) (internal quotation omitted).  The same is true with respect to SKAT's strengthening of its guidance for showing share ownership and dividend receipt and revamping of the refund application process that defendants exploited to commit their fraud.[3]

Nor is evidence of SKAT's new refund guidelines admissible for any other purpose.  Under Rule 407, evidence of a subsequent remedial measure may be admissible "for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures."  Fed. R. Evid. 407.  None of these other purposes is at issue here.  SKAT does not dispute that it could have started advising refund applicants to submit the additional documentation earlier than it did.  Thus, "feasibility" is not at issue.  *See Lidle v. Cirrus Design Corp.*, No. 08 Cv. 1253 (BSJ) (HBP), 2011 WL 13263015, at *1 (S.D.N.Y. Apr. 6, 2011) ("By refraining from arguing that . . . it was not technologically and economically feasible to incorporate a subsequent remedial measure, a defendant can preclude its introduction as evidence of feasibility." (quoting *Friedman v. Nat'l Presto Indus., Inc.*, 566 F. Supp. 762, 765 (E.D.N.Y. 1983))).  "Feasibility is not an open sesame whose mere invocation parts Rule 407 and ushers in evidence of subsequent" remedial measures; rather, feasibility "must first [be] contest[ed]" before the "subsequent [remedial measure] would become admissible."  *In re Joint E. Dist. & S. Dist. Asbestos Litig.*, 995 F.2d 343, 345-46 (2d Cir. 1993).

---

3.  *See also Krouner v. Am. Heritage Fund, Inc.*, 899 F. Supp. 142, 147 (S.D.N.Y. 1995) ("declin[ing] to consider" under Rule 407 new disclosures in "the Fund's 1994 Prospectus" issued after the alleged fraud).

281491265_6

And defendants cannot use "Rule 407's impeachment exception . . . as subterfuge to prove negligence or culpability." *McNulty v. Target Corp.*, No. CV 09-752 (LDW) (AKT), 2009 WL 10708954, at *3 (E.D.N.Y. Oct. 28, 2009) (citing *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1568-69 (11th Cir. 1991)).  The impeachment exception "must be read narrowly, lest it swallow the rule." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1212-13 (10th Cir. 2006). The exception applies only where the remedial measures evidence either is "necessary to prevent the jury from being misled," *Wood v. Morbark Indus., Inc.*, 70 F.3d 1201, 1208 (11th Cir. 1995), or "contradict[s] the witness's testimony directly." *Lidle v. Cirrus Design Corp.*, 278 F.R.D. 325, 332 (S.D.N.Y. 2011) (internal quotation omitted).

Finally, any evidence of SKAT's subsequent remedial measures also should be excluded under Rules 402 and 403.  See *D'Nelson v. Costco Wholesale Corp.*, No. 03 CV 219 (CLP), 2007 WL 914311, at *5 (E.D.N.Y. Mar. 23, 2007) ("[T]he admission of [subsequent measures] evidence is also subject to an analysis under Rule 403 of the Federal Rules of Evidence to determine whether the probative value of the evidence is substantially outweighed by the danger of confusion and unfair prejudice.").  Neither feasibility nor any other issue for which evidence of SKAT's subsequent remedial measures could be relevant is in dispute.  And "[t]he significant risk of misleading the jury and confusing the issues far outweighs [any] minimal probative value" of the actions SKAT took after it discovered the fraud to prevent it from happening again. *Reynolds v. Am. Airlines*, *Inc.*, No. 14 CV 2429 (CLP), 2017 WL 5613115, at *8 (E.D.N.Y. Nov. 21, 2017).

## **CONCLUSION**

For the reasons set forth above, SKAT respectfully requests that the Court grant its motion *in limine* to exclude evidence of SKAT's subsequent remedial measures from after defendants' fraud.

Dated: New York, New York
       August 15, 2024

                                           Hughes Hubbard & Reed LLP

                                           By: /s/ Marc A. Weinstein
                                           William R. Maguire
                                           Marc A. Weinstein
                                           Neil J. Oxford
                                           Dustin P. Smith
                                           Gregory C. Farrell
                                           One Battery Park Plaza
                                           New York, New York 10004-1482
                                           Telephone: (212) 837-6000
                                           Fax: (212) 422-4726
                                           bill.maguire@hugheshubbard.com
                                           marc.weinstein@hugheshubbard.com
                                           neil.oxford@hugheshubbard.com
                                           dustin.smith@hugheshubbard.com
                                           gregory.farrell@hugheshubbard.com

                                           *Counsel for Plaintiff Skatteforvaltningen*
                                           *(Customs and Tax Administration of the*
                                           *Kingdom of Denmark)*